IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD SWOPES,**

    **Plaintiff,**

**v.**                                                                              **No. 19-cv-0622 MV/SMV**

**NEW MEXICO DEPARTMENT OF CORRECTIONS
and CENTURION CORRECTIONAL
HEALTHCARE OF NEW MEXICO, LLC,**

    **Defendants.**

## ORDER ON PENDING MOTIONS AND
## CASE MANAGEMENT ORDER

THIS MATTER is before the Court on Plaintiff's request that the Court serve Defendant New Mexico Department of Corrections, contained in his letter dated July 29, 2019, [Doc. 6] at 1; Plaintiff's Motion for Extension of Time to Respond to Defendant's Answer to Complaint [Doc. 11], filed on August 19, 2019; Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 15], filed October 7, 2019; Plaintiff's request for referral to the pro bono panel, contained in his letter dated August 19, 2019, [Doc. 9] at 1; and his Motion for Appointment of Counsel with accompanying materials [Docs. 16, 17], also filed on October 7, 2019. The Court has received and docketed the prisoner civil-rights complaint filed pro se in state court by Richard Swopes on October 11, 2018, [Doc. 1-2] at 1–20, and removed to this Court by Defendant Centurion Correctional Healthcare of New Mexico, LLC, on July 8, 2019, [Doc.1].

Because Plaintiff is a prisoner proceeding pro se, the Court is obligated to conduct a preliminary screening of the Complaint. *See* 28 U.S.C. § 1915A (2018). Whenever a prisoner

brings a civil action against government officials, the Court is obligated to screen the prisoner's complaint or petition. *Id.* Section 1915A states:

> (a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(a)–(b). Screening of Plaintiff's Complaint will be completed in due course.

Any request to the Court for relief must be in the form of a motion. Fed. R. Civ. P. 7(b). The filing of excessive motions may cause substantial delay in completion of the Court's preliminary screening and resolution of the case. Plaintiff should avoid filing unnecessary motions. Requests for service of process, discovery, and submissions of proof are premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock*, 549 U.S. 199, 213–14 (2007). If Plaintiff's Complaint is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, and scheduling. Therefore, Plaintiff's request that the Court serve Defendant New Mexico Department of Corrections, contained in his letter dated July 29, 2019, [Doc. 6] at 1, will be denied at this time.

The parties must include the case number, **19-cv-0622 MV/SMV**, on all papers filed in this proceeding. The parties must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any order of the Court. Failure to comply with the Rules or Court orders may result in dismissal of this case or other sanctions. Fed. R. Civ. P. 41(b); *see also Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). Plaintiff is required to keep the Court advised of any changes in his address. Failure to keep the Court informed of the party's correct address may also

result in dismissal of the case or other sanctions.  *See* D.N.M.LR-Civ. 83.6.  No party may send any letter to the Court other than transmittal letters or requests for information or copies.  All mail relating to this case must be directed to the Clerk of the Court.  No mail should be sent directly to the assigned District Judge or the assigned Magistrate Judge.

In Plaintiff's Motion for Extension of Time to Respond to Defendant's Answer, Plaintiff seeks a 90-day extension of time to respond to the Answer.  [Doc. 11] at 1.  However, the Federal Rules of Civil Procedure do not contemplate a response (technically, a "reply") to the Answer, unless the Court so directs.  *See* Fed. R. Civ. P. 7(a)(7).  The Court has not directed Plaintiff to reply to the Answer.  Therefore, the Court will deny the Motion for Extension of Time.

Plaintiff also seeks leave to file an amended complaint under Fed. R. Civ. P. 15.  [Doc. 15]. Under Rule 15, leave to amend is to be freely given when justice requires.  Fed. R. Civ. P. 15(a)(2). In this case, Plaintiff has not specified the nature of any amendment or articulated any basis for granting leave to amend.  Nor has Plaintiff attached any proposed amended complaint to his Motion, as required by D.N.M.LR-Civ. 15.1.  Therefore, the Court determines that justice does not require granting leave to amend at this time and will deny the Motion for Leave to Amend [Doc. 15] without prejudice to a future request supported by good-faith grounds.

Last, Plaintiff has filed a Motion for Appointment of Counsel.  [Doc. 16].  There is no right to appointment of counsel in a civil-rights case.  *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988).  In fact, United States district courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases.  *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989).  Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court.  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  In determining whether to request

assistance of counsel, i.e., refer this matter to the Court's pro bono panel, the Court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Id.* The Court has reviewed the Complaint and subsequent filings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the Motion for Appointment of Counsel and will not refer the matter to the pro bono panel.

**IT IS ORDERED** that:

(1) Plaintiff's request that the Court serve Defendant New Mexico Department of Corrections, contained in his letter dated July 29, 2019, [Doc. 6] at 1, is **DENIED without prejudice**.

(2) Plaintiff's Motion for Extension of Time to Respond to Defendant's Answer to Complaint [Doc. 11] is **DENIED**;

(3) Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 15] is **DENIED without prejudice**;

(4) Plaintiff's request for referral to the pro bono panel, contained in his letter dated August 19, 2019, [Doc. 9] at 1, and Plaintiff's Motion for Appointment of Counsel [Doc. 16] are both **DENIED**; and

(5) this Case Management Order shall govern proceedings in this case until further order of the Court.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**