IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD SWOPES,

    Plaintiff,

v.                                                          Case No. 19-cv-0622 MV-SMV

NEW MEXICO DEPARTMENT
OF CORRECTIONS, *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Richard Swopes' *Pro Se* Prisoner Civil Rights Complaint (Doc. 1-2). He alleges that prison officials delayed medical care for his respiratory infection, which caused nerve damage and diminished mental capacity. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will dismiss the Complaint but grant leave to amend.

**I.    Background**

Plaintiff is an inmate at the Lea County Correctional Facility ("LCCF"). At about 10:00 a.m. on June 28, 2016, he experienced extreme shortness of breath. (Doc. 1-2 at 2). Plaintiff visited the medical unit, but an unidentified provider stated that there was nothing wrong and sent Plaintiff back to the housing unit. *Id.* After lunch, Plaintiff again visited the medical unit because he could not breathe. *Id.* A nurse measured his vitals, but the outcome was the same as the first visit. *Id.* About an hour later, Plaintiff encountered Ms. Higdon at a class. *Id.* After learning that he could not breathe, Ms. Hidgon escorted Plaintiff to a medical satellite unit. *Id.* at 3. A nurse transported him to the LCCF emergency room, where his vitals were still normal despite his inability to breathe.

*Id.* The doctor did not examine Plaintiff and instead yelled from across the medical unit: "he is having a panic attack, call mental health." *Id.*

Mr. Nevarez, a mental health provider, saw Plaintiff and determined that he was not having a panic attack. (Doc. 1-2 at 3). Plaintiff responded: "I know, I can't breathe." *Id.* Nevarez informed the doctor or nurse on duty, who administered a breathing treatment and sent Plaintiff back to his housing unit. *Id.* As Plaintiff was entering the D-Pod, he collapsed. *Id.* He remembers whispering: "I can't breathe," and then, "I'm going out now" before losing consciousness. *Id.* at 4. Three days later, Plaintiff woke up at the University of New Mexico Hospital ("UNMH"). *Id.* Doctors diagnosed him with a severe upper respiratory infection, which stopped his heart multiple times and caused the three-day coma. *Id.* Plaintiff now has nerve damage in his right forefinger along with diminished mental capacity. *Id.*

The Complaint raises claims for deliberate indifference to medical needs under the Eighth Amendment and medical negligence. (Doc. 1-2 at 5). Plaintiff seeks at least $8,000 in damages from: (1) the New Mexico Department of Corrections ("NMDOC"); (2) Centurion Correctional Healthcare of New Mexico, LLC ("Centurion"); (3) Joe Booker; (4) Jerry Roark; and M. Ortega-Lewis. *Id.* at 1, 2, 5. Centurion removed the Complaint to Federal Court on July 8, 2019, and the matter is ready for initial review.

**II.     Standards Governing Initial Review**

Section 1915A of Title 28 requires the Court to conduct a *sua sponte* review of all prisoner complaints against government officials or entities. *See Carr v. Zwally*, 760 F. App'x 550, 554 (10th Cir. 2019) (§ 1915A provides for sua sponte review of inmate complaints against government officials, even if they are removed from state court). The Court must dismiss any inmate complaint

that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A. The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, if the initial complaint fails to state a claim, courts should generally grant leave to amend unless amendment would be futile. *Id.*

### III. Discussion

Plaintiff's constitutional claims must be analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See*

*Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).  There must also be a connection between the official conduct and the constitutional violation.  *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying these standards, the Complaint fails to state a cognizable constitutional claim against the named Defendants (NMDOC, Centurion, Booker, Roark, or Ortega-Lewis).  The allegations do not tie any individual Defendant to the alleged wrongdoing.  Further, the Tenth Circuit has expressly held that the NMDOC is "not [a] ... 'person' subject to suit under § 1983." *See Blackburn v. Dep't of Corr.*, 172 F.3d 62 (10th Cir. 1999).  Corporations "to whom the state delegates its penological functions," such as Centurion, can be held liable for constitutional violations.  *Smith v. Cochran*, 339 F.3d 1205, 1215-16 (10th Cir. 2003).  However, a private corporation cannot be held vicariously liable for its employee's alleged constitutional violations under § 1983.  *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) ("[A] private actor 'cannot be held liable solely because it employs a tortfeasor—or, in other words ... cannot be held liable under § 1983 on a respondeat superior theory.'").  To establish liability under § 1983, "a plaintiff must show: 1) the existence of a ... policy or custom[;] and 2) a direct causal link between the policy or custom and the injury alleged."  *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006).  Plaintiff has not alleged that any policy by Centurion caused the medical indifference.  The Complaint therefore fails to state a federal constitutional claim against any named Defendant.

For this reason, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915A.  The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law."  *Reynoldson v. Shillinger,* 907

4

F.2d 124, 126 (10th Cir. 1990).  Accordingly, the Court will allow Plaintiff to amend his complaint within ninety (90) days of entry of this Order.  The amended complaint should name the individual prison officials who allegedly refused to provide medical care.  It must also reiterate that Plaintiff's "medical need was objectively sufficiently serious and that defendants' delay in meeting that need caused [him] … substantial harm." *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005).  The original Complaint appears to satisfy the objective-harm component of the Eighth Amendment test, so Plaintiff should restate those details in the amended pleading.

To satisfy the subjective component of the deliberate-indifference test, the amended complaint must include "evidence of [each individual] prison official's culpable state of mind." *Id.* at 751.  Each defendant must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Notably, "[d]eliberate indifference does not require a finding of express intent to harm." *Mitchell v. Maynard*, 80 F.3d 1433, 1442 (10th Cir. 1996).  A plaintiff "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842.  In other words, "[t]o show the requisite deliberate indifference," a plaintiff "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura*, 461 F.3d at 1293 (quoting *Farmer*, 511 U.S. at 847).  For example, the amended complaint should specify whether Plaintiff informed each individual defendant that he could not breathe and provide details about what care, if any, that defendant provided (*e.g.,* the defendant took no action, he or she

5

administered a specific treatment, etc.).

The amended complaint will be subject to screening under 28 U.S.C. § 1915A. The Court will defer any evaluation of the state tort claims until Plaintiff states a cognizable federal claim. Plaintiff should include all claims he has in the amended complaint, including any state tort claims. If Plaintiff fails to timely file an amended complaint, or files an amended complaint that fails to state a cognizable federal constitutional claim, the Court will dismiss all federal claims without further notice and remand the tort claims to state court.

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1-2**) is **DISMISSED without prejudice** for failure to state a cognizable claim under 28 U.S.C. § 1915A; and Plaintiff may file an amended complaint **within ninety (90) days** of entry of this Order.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE