IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD SWOPES,

    Plaintiff,

v.                                                            Case No. 19-cv-0622 MV-SMV

NEW MEXICO DEPARTMENT
OF CORRECTIONS, *et al,*

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court following Plaintiff Richard Swopes' failure to file an amended complaint as directed. Plaintiff is incarcerated at the Lea County Correctional Facility (LCCF) and is proceeding *pro se.* His original complaint raises claims for deliberate indifference to medical needs under the Eighth Amendment and medical negligence. (Doc. 1-2 at 5). Plaintiff seeks relief from: (1) the New Mexico Department of Corrections ("NMDOC"); (2) Centurion Correctional Healthcare of New Mexico, LLC ("Centurion"); (3) Joe Booker; (4) Jerry Roark; and M. Ortega-Lewis. *Id.* at 1, 2, 5. Plaintiff filed the original complaint in New Mexico's First Judicial District Court, and Centurion removed the matter to Federal Court on July 8, 2019. (Doc. 1).

By a ruling entered September 30, 2020, the Court screened the original complaint and determined that it fails to state a federal claim. (Doc. 19); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints). Specifically, the Court found that the allegations do not show any individual Defendant was involved in the alleged wrongdoing. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998) (a § 1983 plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution). The

original complaint therefore fails to state a claim against Booker, Roark, or M. Ortega-Lewis. As to the corporate Defendants, NMDOC is "not [a] ... 'person' subject to suit under § 1983." *See Blackburn v. Dep't of Corr.*, 172 F.3d 62 (10th Cir. 1999). And while private corporations can be liable for constitutional violations, the plaintiff must allege that the wrongdoing is traceable to a corporate policy or custom. *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006). Because the original complaint does not allege that any policy by Centurion caused the medical issues, Plaintiff fails to state a claim against the remaining Defendant. For these reasons, the Court dismissed the original complaint (Doc. 1-2) pursuant to 28 U.S.C. § 1915A for failure to state a cognizable claim.

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court permitted Plaintiff to file an amended complaint that cures the above deficiencies. The ruling included detailed instructions on amending the pleading, such as the legal standards for the objective and subjective components of the Eighth Amendment deliberate indifference test. Plaintiff was warned that if he failed to timely file an amended complaint, the Court would dismiss all federal claims and remand the state tort claims back to New Mexico's First Judicial District Court. Such resolution is consistent with the general rule directing federal courts to decline supplemental jurisdiction when no federal claims remain. *See Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997); *Brooks v. Gaenzle*, 614 F.3d 1213, 1229–30 (10th Cir. 2010).

The deadline to file an amended complaint was December 29, 2020. Plaintiff did not comply or otherwise respond to the Memorandum Opinion and Order. The Court will therefore dismiss all federal claims raised in the original complaint (Doc. 1-2) with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. The state tort claims

raised in the original complaint (Doc. 1-2) will be remanded back to state court, which can determine whether Plaintiff still wishes to prosecute state claims.

**IT IS ORDERED** that all federal constitutional claims raised in Richard Swopes' Tort Complaint (**Doc. 1-2**) are **DISMISSED** with prejudice; all state law claims raised in that pleading (**Doc. 1-2**) are **REMANDED** to New Mexico's First Judicial District Court, County of Santa Fe, Case No. D-101-CV-2018-01831; and the Court will enter a separate judgment closing the federal case.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE